## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION and INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 19 | ) ) ) ) | |
| Petitioners/Cross-Respondents | ) | Nos. 23-632, 23-780 |
| | ) | |
| v. | ) ) | Board Case Nos. 19-CD-269624 *et al.* |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| Respondent/Cross-Petitioner | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT 160, LOCAL LODGE 289 | ) ) ) | |
| Intervenor | ) | |
| _____ | ) | |
| PACIFIC MARITIME ASSOCIATION | ) | |
| Petitioner | ) | No. 23-658 |
| | ) | |
| v. | ) ) | Board Case Nos. 19-CD-269624 *et al.* |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| Respondent | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT 160, LOCAL LODGE 289 | ) ) ) | |
| Intervenor | ) | |
| _____ | ) | |

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT 160, LOCAL LODGE 289 <br> Petitioner <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD <br> Respondent | No. 23-793 <br><br> Board Case Nos. 19-CD-269624 *et al.* |

## INTERNATIONAL LONGSHORE AND WAREHOUSE UNION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO LIFT STAY

To the Honorable, the Judges of the United States
Court of Appeals for the Ninth Circuit:

Appellants / cross-appellees International Longshore and Warehouse Union

("ILWU") and ILWU Local 19 in these consolidated appeals, Nos. 23-632, 23-658,

23-780, and 23-793 request that the Court take judicial notice of the following court

filings and documents from *In re ILWU*, U.S. Dist. Bankruptcy Ct., N.D. Cal., Case

No. 23-30662 HLB:

- **Exhibit A:** ILWU's *EX PARTE* APPLICATION FOR THE ENTRY OF AN ORDER PROVIDING THAT THE AUTOMATIC STAY DOES NOT APPLY TO A PENDING APPEAL INVOLVING A PREPETITION REGULATORY DECISION;

- **Exhibit B:** NLRB'S BRIEF IN SUPPORT OF DEBTOR'S EX PARTE APPLICATION FOR THE ENTRY OF AN ORDER PROVIDING THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE NINTH CIRCUIT'S PROCEEDINGS ENFORCING OR VACATING AN ORDER BY THE NLRB;

- **Exhibit C:** INTERNATIONAL ASSOCIATION OF MACHINISTS DISTRICT LODGE 160'S OPPOSITION TO EX PARTE APPLICATION TO RELIEF FROM MOTION FOR STAY;

- **Exhibit D:** Transcript from Dec. 7, 2023 Oral Argument on DEBTOR'S APPLICATION for the ENTRY of an ORDER PROVIDING that the AUTOMATIC STAY DOES NOT APPLY to a PENDING APPEAL INVOLVING a PREPETITION REGULATORY DECISION (including the RULING of the COURT), and

- **Exhibit E:** Order Denying Debtor's Ex Parte Application.

Courts of Appeal may take judicial notice under Federal Rule of Evidence 201 of relevant facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The existence of public court filings and records of proceedings in other courts satisfy this standard and are therefore properly subject to judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial

notice of court filings); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (same).

Here, ILWU and ILWU Local 19 request that the Court take judicial notice of records from *In re ILWU*, U.S. Dist. Bankruptcy Ct., N.D. Cal., Case No. 23-30662 HLB – the pending bankruptcy proceeding that this Court relied on in staying the instant appeals. As public court records, these documents are verifiable and can be readily found in the court docket for that case, which is "a source[] whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2).

ILWU's and ILWU Local 19's request for judicial notice should be granted.

Respectfully submitted,


/s/ Eleanor Morton
Eleanor Morton
LEONARD CARDER LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
(510) 272-0169

Counsel for ILWU and ILWU Local 19

# EXHIBIT A

1  PACHULSKI STANG ZIEHL & JONES LLP
   Debra I. Grassgreen (CA Bar No. 169978)
2  Jason H. Rosell (CA Bar No. 269126)
   One Sansome Street, Suite 3430
3  San Francisco, California 94104
   Telephone:    (415) 263-7000
4  Facsimile:    (415) 263-7010
   E-mail:        dgrassgreen@pszjlaw.com
5                 jrosell@pszjlaw.com

6  *Counsel to the Debtor*

7                  **UNITED STATES BANKRUPTCY COURT**

8                  **NORTHERN DISTRICT OF CALIFORNIA**

9                      **SAN FRANCISCO DIVISION**

10  In re:                                    Case No. 23-30662 (HLB)

11  INTERNATIONAL LONGSHORE              Chapter 11
    AND WAREHOUSE UNION,
12                                       ***EX PARTE* APPLICATION FOR THE
                    Debtor.              ENTRY OF AN ORDER PROVIDING
13                                       THAT THE AUTOMATIC STAY DOES
                                         NOT APPLY TO A PENDING APPEAL
14                                       INVOLVING A PREPETITION
                                         REGULATORY DECISION**
15

16       International Longshore and Warehouse Union ("ILWU" or the "Debtor"), the debtor and

17  debtor in possession in the above-captioned case (the "Chapter 11 Case"), hereby files this *ex parte*

18  application ("Application") for the entry of an order, pursuant to sections 105 and 362 of Title 11 of

19  the United States Code (the "Bankruptcy Code"), finding that the automatic stay does not apply to an

20  appeal currently pending in the Ninth Circuit Court of Appeals involving a prepetition regulatory

21  decision issued by the National Labor Relations Board ("NLRB").

22                          **JURISDICTION AND VENUE**

23       The United States Bankruptcy Court for the Northern District of California (the "Court") has

24  jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring*

25  *Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and

26  Bankruptcy Local Rule 5011-1(a).  This matter is a core proceeding within the meaning of 28 U.S.C.

27  § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

28

**RELEVANT BACKGROUND**

**A.**     **The Chapter 11 Case**

On September 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code.  The Debtor is operating its businesses and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee, committee, or examiner has been made in this Chapter 11 Case.

On October 2, 2023, the United States Trustee appointed Mark Sharf as the subchapter V trustee in this Chapter 11 Case.

**B.**     **The NLRB Action and Appeal**

On April 6, 2023, the NLRB issued a *Decision and Order* against the Debtor requiring it to (i) cease and desist from taking certain action to require the employer at Terminal 5 in the Port of Seattle to hire members of the Debtor's union rather than members of the International Association of Machinists and Aerospace Workers, District Lodge 160, Local Lodge 289 ("IAM"), and prohibiting the Debtor from pursuing certain lost work opportunity claims and seeking to enforce an arbitration award relating to work performed at Terminal 5 in the Port of Seattle; and (ii) provide certain notices to the Joint Coast Labor Committee and to take other administrative actions.  The Decision and Order is attached to the declaration of Eleanor Morton ("Morton Decl.") as Exhibit A filed concurrently herewith.  The Decision and Order did not involve the imposition of any monetary judgment or obligation on the Debtor.

On April 10, 2023, the Debtor filed a *Petition for Review* in the Ninth Circuit Court of Appeals commencing the appeal at issue (the "Appeal").  The Appeal is currently pending as part of consolidated cases under Nos. 23-632, 23-658, 23-780, and 23-793.

On October 4, 2023, the Debtor filed a *Notice of Commencement of Bankruptcy Case* in the Ninth Circuit, *but did not request a stay of the proceedings*.  Morton Decl., Ex. B.

On October 9, 2023, IAM, an intervenor in the Appeal and a party to the underlying NLRB proceeding, also filed a *Notice of Filing of Bankruptcy* in the Ninth Circuit, but represented that the

1  "filing of this bankruptcy petition should stay these proceedings."[1]  Morton Decl., Ex. C.  IAM did
2  not consult with bankruptcy counsel to the Debtor before filing this pleading.

3       On November 2, 2023, the Ninth Circuit issued an Order staying the Appeal and requiring the
4  Debtor to provide a status report concerning the bankruptcy proceedings and the status of the automatic
5  stay.  Morton Decl., Ex. D.

6       The Debtor's ability to prosecute the Appeal in a timely manner is of critical importance.  The
7  imposition of the automatic stay would continue and prolong the loss of work for members of the
8  International Longshore and Warehouse Union bargaining unit at issue, continue the violation and
9  undermining of collectively-bargained commitments by employers, and prolong the uncertainty about
10  provisions of the collective bargaining agreement created by the pendency of the case.

11  ## LEGAL AUTHORITY

12       The stay of the Appeal was incorrectly imposed by the Ninth Circuit as NLRB proceedings,
13  especially those that do not involve any money judgment, fall squarely within the "police and
14  regulatory power" exceptions to the automatic stay.  Section 362(b)(4) of the Bankruptcy Code
15  specifically exempts from the automatic stay "the commencement or continuation of an action or
16  proceeding by a governmental unit … to enforce such governmental unit's or organization's police
17  and regulatory power, including the enforcement of a judgment other than a money judgment, obtained
18  in an action or proceeding by the governmental unit to enforce such governmental unit's or
19  organization's police or regulatory power."  11 U.S.C. § 362(b)(4).

20       The Ninth Circuit employs two tests to determine whether an action by a governmental agency
21  is exempt from the automatic stay, namely, the pecuniary purpose test (Is the governmental agency
22  pursuing a matter of public safety and welfare rather than a governmental pecuniary interest?) and the
23  public policy test (Is the government action designed to effectuate public policy rather than to
24  adjudicate private rights?).  *See*, *Berg vs. Good Samaritan Hosp., Inc., (In re Berg)*, 230 F.3d 1165
25  (9th Cir. 2000).    The Ninth Circuit has exempted NLRB proceedings from the automatic stay under
26  either analysis.  *NLRB vs. Cont'l Hagen Corp.*, 932 F.2d 828, 832 (9th Cir. 1991) (NLRB actions are

27

28  ----
    [1]  The Debtor reserves all rights, claims, and causes of action against IAM with respect to its postpetition actions in the
    Appeal, including its efforts to stay the Appeal.

"designed to prevent employers from violating federal labor law," not to advance the government's claim to a pecuniary interest; and the NLRB, as Congress' 'agent,' does not provide a forum for disputes among private parties.).

Furthermore "[t]here is widespread agreement among the circuits that the National Labor Relations Board and other Congressionally established administrative agencies fall within the category of a governmental unit" and that such proceedings are exempt from the automatic stay. *N.L.R.B. v. P\*I\* E Nationwide, Inc.,* 923 F.2d 506, 512 (7th Cir. 1991) ("it is beyond dispute that the Board is a governmental unit"); *N.L.R.B. v. Edward Cooper Painting, Inc.,* 804 F.2d 934 (6th Cir. 1986); *N.L.R.B. v. Evans Plumbing Co.,* 639 F.2d 291, 293 (5th Cir. 1981) ("it is clear that the N.L.R.B. is a governmental unit"); *In re Bel Air Chateau Hospital, Inc.,* 611 F.2d 1248, 1250-51 (9th Cir. 1979) (N.L.R.B. action is governmental regulatory proceeding); *NLRB vs. 15th Ave. Iron Works, Inc*., 964 F.2d 1336, 1337 (2nd Cir. 1992) (agreeing with the first, fifth, sixth, seventh and ninth circuits that the NLRB is a governmental unit and their proceedings are to enforce their police or regulatory powers); *NLRB vs. Twin Cities Elec*., 907 F.2d 108, 134 (9th Cir. 1990) ("the filing of a bankruptcy petition does not bar or stay an enforcement proceeding instituted by the National Labor Relations Board.").

Entry of an order confirming that the automatic stay does not apply to the Appeal of the NLRB governmental proceeding is consistent with the intent of the Bankruptcy Code and within the Court's equitable powers under section 105(a). That section provides that a "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . [and nothing shall] preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process." 11 U.S.C. § 105(a). At least one bankruptcy court has used its equitable powers under section 105 to issue an order providing that a governmental action is not subject to the automatic stay or post-discharge injunction. *See*, *In re Fucilo*, 2002 Bankr. LEXIS 475* (January 24, 2002 Bankr. S.D.N.Y) (motion for relief from the post-discharge injunction under 105 was granted where governmental action was exempt from automatic stay).

As case law makes clear, the NLRB proceeding, which ultimately resulted in the Debtor's appeal of the Decision and Order, was exempt from the automatic stay provisions under section

362(b)(4) as it represents nothing more than the continuation of a proceeding by a government unit to enforce its police or regulatory powers. Accordingly, the Debtor respectfully requests an order, consistent with **Exhibit A** attached hereto, approving the Application and providing that the Appeal is not subject to the automatic stay so that it may prosecute the Appeal in a timely manner and protect its member's interests.

Dated:    November 7, 2023          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Jason H. Rosell*
Debra I. Grassgreen
Jason H. Rosell

*Counsel to the Debtor*

1

**<u>EXHIBIT A</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1  PACHULSKI STANG ZIEHL & JONES LLP
2  Debra I. Grassgreen (CA Bar No. 169978)
   Jason H. Rosell (CA Bar No. 4964185)
3  One Sansome Street, 34th Floor, Suite 3430
   San Francisco, California 94105-1020
4  Telephone:    415-263-7000
   Facsimile:    415-263-7010
5  Email:        dgrassgreen@pszjlaw.com
               jrosell@pszjlaw.com
6

7  *Counsel to the Debtor*

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10             **SAN FRANCISCO DIVISION**

11 In re                              Case No. 23-30662-HB

12 INTERNATIONAL LONGSHORE AND        Chapter 11
   WAREHOUSE UNION,
13                                    **ORDER GRANTING *EX PARTE***
              Debtor.                 **APPLICATION FOR THE ENTRY OF AN**
14                                    **ORDER PROVIDING THAT THE**
                                      **AUTOMATIC STAY DOES NOT APPLY TO**
15                                    **A PENDING APPEAL INVOLVING A**
                                      **PREPETITION REGULATORY DECISION**
16

17                                    Judge:    Hon. Hannah L. Blumenstiel

18      The Court has considered the *ex parte* application of International Longshore and Warehouse

19 Union, the debtor and debtor in possession in the above-captioned case, filed on November 7, 2023

20 ("Application"), for the entry of an order, pursuant to sections 105 and 362 of Title 11 of the United

21 States Code, finding that the automatic stay does not apply to a consolidated appeal currently

22 pending in the Ninth Circuit Court of Appeals involving a prepetition regulatory decision issued by

23 the National Labor Relations Board, and good cause appearing,

24      **IT IS HEREBY ORDERED THAT:**

25      1.      The Application is GRANTED.

26      2.      The automatic stay under 11 U.S.C. § 362 does not apply to the appeal currently

27 pending in the Ninth Circuit Court of Appeals as Case Nos. 23-632, 23-658, 23-780, and 23-793.

28             **\*\*\* END OF ORDER \*\*\***

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

SF 4864-4788-2894.1 42339.002

# EXHIBIT B

1 | Aaron D. Samsel New York Bar No. 5832696
Matheus Teixeira Georgia Bar No. 389779
2 | National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
3 | 1015 Half St. SE, 4th Floor
Washington, D.C. 20003
4 | Telephone (202) 273-2959
Fax (202) 273-4244
5 | E-Mail: Aaron.Samsel@nlrb.gov
          Matheus.Teixeira@nlrb.gov
6 |        ccslb@nlrb.gov

FILED

DEC -5 2023

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

7 | *Counsel for the National Labor Relations Board*

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **SAN FRANCISCO DIVISION**

11 | ------------------------------------------------------------

12 | In Re:                                          :

13 | INTERNATIONAL LONGSHORE AND          :       Case No. 23-30662-HLB
WAREHOUSE UNION,                        :            Chapter 11
                                        :
14 |                          Debtor.            :

15 | ------------------------------------------------------------

16 | **NLRB'S BRIEF IN SUPPORT OF DEBTOR'S EX PARTE APPLICATION FOR THE
ENTRY OF AN ORDER PROVIDING THAT THE AUTOMATIC STAY DOES NOT
17 | APPLY TO THE NINTH CIRCUIT'S PROCEEDINGS
ENFORCING OR VACATING AN ORDER BY THE NLRB**

18 |          The National Labor Relations Board ("the NLRB") submits this Brief in Support of the

19 | Debtor's *ex parte* application for an order providing that the automatic stay does not apply to

20 | consolidated enforcement and review proceedings pending in the Ninth Circuit pursuant to

21 | Sections 10(e) and (f) the National Labor Relations Act, 29 U.S.C. §§ 160(e), (f) (the "NLRA")

22 | ("Debtor's Application") [ECF No. 72]. For the reasons identified in the Debtor's Application,

23 | and those discussed below, this Court should enter an order pursuant to Section 362(b)(4) of

24 |

1

1    Title 11 of the Bankruptcy Code [11 U.S.C. § 362], finding that the automatic stay does not

2    apply to the Ninth Circuit's consolidated proceedings, which seek to enforce or review a final

3    order of the NLRB.

4    **I.      Background**

5           On April 6, 2023, the NLRB issued its Decision and Order (the "Board Order") against

6    the International Longshore and Warehouse Union ("ILWU" or "Debtor"). 372 NLRB No. 66

7    (2023). The Board Order requires, among other things, that the Debtor cease pursuing lost work

8    opportunity claims against SSA Terminals, LLC, concerning work that employees represented

9    by the International Association of Machinists and Aerospace Workers ("IAM") are currently

10   performing. *Id.* at *3.

11          Three petitions for review of the Board's Order were subsequently filed with the Ninth

12   Circuit Court of Appeals, including *International Longshore and Warehouse Union and*

13   *International Longshore and Warehouse Union, Local 19 v. NLRB* (Docket No. 23-632); *Pacific*

14   *Maritime Association v. NLRB* (Docket No. 23-658); and *International Association of Machinists*

15   *and Aerospace Workers, District Lodge 160, Local Lodge 289 v. NLRB* (Docket No. 23-793). On

16   April 27, 2023, the NLRB filed a cross-application for enforcement of the Board Order in the

17   Ninth Circuit in *NLRB v. International Longshore and Warehouse Union, et al.* (Docket No. 23-

18   780). On June 13, 2023, the Ninth Circuit issued an order consolidating the NLRB's cross

19   application for enforcement with the three petitions for review. (Docket No. 23-780, ECF No.

20   16).

21          Importantly, in the consolidated cases pending in the Ninth Circuit, the NLRB is not

22   seeking to collect money; instead, it is seeking solely to affix liability under the NLRA. The

23   NLRB's order includes no monetary liability.

24

2

1    On October 4, 2023, the ILWU notified the Ninth Circuit of the instant bankruptcy

2  proceeding, and on October 9, 2023, the IAM filed a notice asking the Ninth Circuit to stay the

3  consolidated cases due to the filing of the ILWU's Bankruptcy Petition. (Docket No. 23-780,

4  ECF Nos. 19 and 20). On November 2, 2023, the Ninth Circuit stayed the consolidated appellate

5  proceedings pursuant to the automatic stay imposed by the filing of the ILWU's bankruptcy

6  petition. (Docket No. 23-780, ECF No. 22).

7    The ILWU then filed with this Court, its *Ex Parte* Motion for Relief from Stay and a

8  declaration in support of that motion on November 7, 2023. (ECF Nos. 72 and 73). Its filing was

9  later corrected as ordered by the Court in its November 14, 2023 Docket Text Order to include

10  the proper cover sheet. (ECF No. 98). On November 9, 2023, the IAM filed a Memorandum in

11  Opposition to the ILWU's *Ex Parte* Motion for Relief from Stay. (ECF No. 79). On November

12  30, 2023, the IAM filed a Further Opposition to Motion for Relief from Stay. (ECF No. 104). On

13  December 4, 2023, the Court struck the IAM's Further Opposition. (Docket Text Order, Dec. 4,

14  2023). The Court has scheduled a hearing on the ILWU's motion to take place on December 7,

15  2023. (ECF No. 80).

16  **II.    The consolidated proceedings before the Ninth Circuit are being litigated**

17  **pursuant to the NLRB's police and regulatory power and therefore are excepted from the automatic stay.**

18    1.  The NLRB's Cross-Application for Enforcement is excepted from the automatic stay.

19    Generally, Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy

20  petition operates as an automatic stay of proceedings against a bankruptcy debtor. 11 U.S.C.

21  § 362; *NLRB v. Cont'l Hagen Corp.*, 932 F.2d 828, 832 (9th Cir. 1991) (Section 362 of the

22  Bankruptcy Code "generally functions as a stay to all other proceedings against the debtor.").

23  However, Section 362(b)(4) provides that the automatic stay does not apply to "the

24

3

1   commencement or continuation of an action or proceeding by a governmental unit…to enforce

2   its police or regulatory power." *Id.* This exception to the stay authorizes governmental units to

3   pursue "the enforcement of a judgment other than a money judgment, obtained in an action or

4   proceeding by the governmental unit to enforce [its] police or regulatory power." *Id.* As plainly

5   stated in the statute, the only limitation built into this exception is that the government is

6   precluded from enforcing a "money judgement." *Id.*

7        The NLRB is an independent regulatory agency of the United States Government,

8   statutorily vested with the responsibility for administering and enforcing the NLRA. *See id.* at

9   832-33. Under the NLRA, Board orders are subject to review *only* in the United States Courts of

10  Appeals. *See* 29 U.S.C. § 160(e) (authorizing NLRB to petition the court for enforcement of a

11  Board order) and § 160(f) (authorizing any aggrieved person to seek appellate review of a Board

12  order). Thus, the NLRB cannot enforce its own orders, but rather, must rely on the courts of

13  appeals to enter judgments enforcing the NLRB's orders. *Myers v. Bethlehem Shipbuilding*

14  *Corp.*, 303 U.S. 41, 48 (1938).

15       The Ninth Circuit has affirmed that NLRB enforcement proceedings in the courts of

16  appeals brought under Section 10(e) of the NLRA, 29 U.S.C. § 160(e), fall squarely within the

17  police and regulatory exception to the automatic stay. *Cont'l Hagen Corp.*, 932 F.2d at 833-35;

18  *NLRB v. Twin Cities Elec.*, 907 F.2d 108 (9th Cir. 1990). Indeed, there is "widespread agreement

19  among the circuits" that government agencies such as the NLRB, are governmental units

20  authorized to maintain actions to enforce their police or regulatory power as defined in Section

21  362(b)(4) of the Bankruptcy Code. *Ahrens Aircraft, Inc. v. NLRB*, 703 F.2d 23, 24 (1st Cir. 1983)

22  (per curiam); *NLRB v. 15th Ave. Iron Works, Inc.*, 964 F.2d 1336, 1337 (2d Cir. 1992) (per

23  curiam); *NLRB v. Evans Plumbing Co.*, 639 F.2d 291, 293 (5th Cir. 1981) (per curiam); *NLRB v.*

24

4

1   *Edward Cooper Painting, Inc.*, 804 F.2d 934, 941 & n.6 (6th Cir. 1986); *NLRB v. P\*I\*E*

2   *Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1991). The IAM appears to concede this point in its

3   opposition to the Debtor's Application, stating that "[c]ourts have generally not stayed cases in

4   Courts of Appeals where the [NLRB] has sought enforcement of Board Orders…" [ECF 79, p. 4,

5   line 9-11]. As shown below, the NLRB's enforcement proceeding before the Ninth Circuit is

6   precisely the type of action that is excepted from the automatic stay.

7           The Ninth Circuit has applied two tests to evaluate whether a government action is, in

8   fact, within the scope of the police and regulatory exception: the pecuniary purpose test and the

9   public policy test. *Cont'l Hagen Corp.*, 932 F.2d at 833-34; *City & County of San Francisco v.*

10  *PG&E Corp.*, 433 F.3d 1115, 1124 (9th Cir. 2006). Under the pecuniary purpose test, the court

11  must determine "whether the government action relates primarily to the protection of the

12  government's pecuniary interest in the debtor's property or to matters of public safety and

13  welfare." *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997) (citing *Cont'l*

14  *Hagen*, 932 F.2d at 833). Here, the Board Order subject to the Ninth Circuit proceedings directly

15  imposes no financial liability on ILWU; therefore, the NLRB is not seeking to protect any

16  pecuniary interest in the Debtor's property that would result in the NLRB obtaining an advantage

17  over creditors in the bankruptcy proceeding. Instead, the NLRB's action to enforce the Board

18  Order, and therefore the NLRA, is designed to serve the public interest in the rights protected by

19  the statute by imposing cease and desist and affirmative obligations upon ILWU to remedy its

20  violations of the NLRA, as explained further below.

21          Under the public policy test, the court must determine whether the government action

22  intends to "effectuate public policy" or to "adjudicate private rights." *Cont'l Hagen*, 932 F.2d at

23  833 (citation omitted). NLRB actions often pass the public policy test as "no private action arises

24

5

1   under the [NLRA]…[T]he NLRB determines which complaints it will act upon in its own name

2   in furthering the policies of the federal labor laws." *Id.* at 834 (citing *In re Adams Delivery*

3   *Service*, 24 B.R. 589, 592 (B.A.P. 9th Cir. 1982)); *see also NLRB v. Industrial Union of Marine*

4   *and Shipbuilding Wkrs.*, 391 U.S. 418, 424 (1968) ("A proceeding by the Board is not to

5   adjudicate private rights but to effectuate a public policy"). As Congress's exclusive "agent" to

6   enforce the NLRA, the NLRB's cross-application for enforcement is clearly an effort to

7   effectuate public policy. *See Nathanson v. NLRB*, 344 U.S. 25, 30 (1952). Without the NLRB's

8   enforcement action in the Ninth Circuit, ILWU's violations of the NLRA will go unremedied,

9   and both IAM and the employer of the employees at issue will be without redress. The NLRB is

10  statutorily mandated to enforce the NLRA; this Court should determine the automatic stay does

11  not prevent the NLRB from doing so. Accordingly, under either test, the NLRB's enforcement

12  action in the Ninth Circuit is exempt from the reach of the automatic stay.

13      2.   The Consolidated Appeals Should Not Be Subject to the Automatic Stay.

14          In support of the automatic stay of the consolidated Ninth Circuit proceeding, IAM

15  argues that the NLRB's police and regulatory exemption from the automatic stay does not apply

16  to private parties such as itself. (ECF 79, pp. 4-5, paras 15-17). But the proceedings initiated by

17  the private party petitions for review are against the NLRB – they are not merely private party

18  litigation. They are just as much exercises of the NLRB's police or regulatory power as the

19  NLRB enforcement proceeding, as they are the statutory procedure for obtaining judicial review

20  of NLRB final orders. In each case, the NLRB seeks the same regulatory objective it is pursuing

21  in its cross-application for enforcement: securing an enforceable order from the Ninth Circuit

22  pursuant to its congressionally mandated duty under the NLRA. Thus, the NLRB's function as a

23  respondent in each of the three Section 10(f) appeals is substantially similar to the NLRB's role

24

6

1    as petitioner in the Section 10(e) enforcement action. *See* 29 C.F.R. § 101.14 ("If the respondent

2    does not comply with the Board's order, or the Board deems it desirable to implement the order

3    with a court judgment, the Board may petition the appropriate Federal court for enforcement. Or,

4    the respondent or any person aggrieved by a final order of the Board may petition the circuit

5    court of appeals to review and set aside the Board's order."). Indeed, the appeals and

6    enforcement proceeding are arguably "duplicative," and where a Section 10(e) enforcement

7    proceeding has commenced, "no separate [Section 10(f)] proceeding is needed on the part of the

8    person thus brought into court." *Ford Motor Co. v. NLRB*, 305 U.S. 364, 369-70 (1939). The

9    NLRB's involvement in the three appeals is thus equally intended to enforce the Board Order

10   pursuant to its police and regulatory power, which brings those actions within the scope of

11   Section 362(b)(4).

12        Moreover, even if there was some private nature to the petitions for review (which there

13   is not), the fact that the NLRB's cross-application for enforcement was consolidated with three

14   petitions for review of the Board Order does not justify subjecting the NLRB's enforcement

15   action to the automatic stay. Just the opposite. The Ninth Circuit consolidated these cases based

16   on the NLRB's uncontested motion informing the Court that the four cases "arise out of the same

17   Board proceeding and involve the same parties, the same legal issues, and the same Board

18   Order." (Docket 23-632, ECF No. 19). Indeed, it is standard procedure that NLRB petitions for

19   enforcement of a Board order are consolidated with private party petitions for review of the same

20   order. Because the four proceedings involve the very same issue -- whether to enforce the Board

21   order -- if the three requests for review remain stayed, then that would have the effect of

22   impeding the NLRB from enforcing the Board Order. Such a result undermines the statutory

23   exception to the stay provided for in Section 362(b)(4) and does nothing to further the

24

7

1    fundamental purpose of the automatic stay: preserving the property of the Debtor's estate. *See*

2    *Sternberg v. Johnston*, 595 F.3d 937, 947-48 (9th Cir. 2010) (overruled on other grounds) ("We

3    have explained the purposes of the automatic stay as twofold...enabling the debtor to try to

4    reorganize during a break from collection efforts and protecting creditors by preventing one []

5    from pursuing its own remedies to the determinant [of others]").

6         Additionally, the appeals do not fall within the "enforcement of a money judgment"

7    limitation on the police and regulatory exception to the stay, because they will not result in

8    recovery of a claim against the Debtor or interfere with property of the Debtor's estate. Section

9    362(b)(4) precludes governmental units from "enforc[ing].. a money judgment." 11 U.S.C.

10   § 362. Courts interpret this to allow actions falling within the police and regulatory exception to

11   proceed "'up to and including entry of a money judgment.'" *Cont'l Hagen Corp.*, 932 F.2d at

12   834, quoting *Edward Cooper Painting*, 804 F.2d at 942-43. Here, the consolidated Ninth Circuit

13   proceeding serves only to determine the rights of the parties. The NLRB will not use the

14   consolidated proceeding to collect monetary amounts from the Debtor's estate; indeed, as noted,

15   there are no such amounts at stake in the proceeding. Should any monetary remedies be realized

16   in subsequent proceedings, the NLRB would seek to secure them exclusively through the

17   pending bankruptcy proceeding. The IAM's description of "potential" future monetary claims

18   arising as a derivative result of the consolidated Ninth Circuit proceeding (ECF 79, p. 5 lines 8-

19   17) is speculative and has no effect on the application of the police and regulatory exception. The

20   IAM's assertion is further undermined by its later acknowledgment that there is no monetary

21   remedy sought in the enforcement proceeding. (ECF 104, p. 2, lines 21-22) ("[t]he only remedy

22   that the NLRB seeks is a notice posting and withdrawal of two grievances by the ILWU.").

23

24

1  Therefore, the requests for review do not constitute the enforcement of a money judgment, fall

2  within the scope of Section 362(b)(4), and are not stayed.

3      Accordingly, the NLRB requests that this Court grant the ILWU's requested relief and

4  enter an order finding the consolidated Ninth Circuit proceeding, including the NLRB's cross-

5  application for enforcement and the three petitions for review, is not subject to the automatic

6  stay.

7                                    Respectfully submitted,

8

9                                    **NATIONAL LABOR RELATIONS BOARD**

10     *s/ Matheus Teixeira*
       MATHEUS TEIXEIRA
       *Trial Attorney*
11     Matheus.Teixeira@nlrb.gov
       (202) 273-2959

12

13     AARON SAMSEL
       *Supervisory Attorney*
       Aaron.Samsel@nlrb.gov
14     (202) 273-1923

15     Contempt, Compliance, and
            Special Litigation Branch
16     1015 Half Street, S.E., 4th Floor
       Washington, D.C. 20003

17
     Dated this 5th day of December 2023
18   in Washington, D.C.

19

20

21

22

23

24

                                    9

**CERTIFICATE OF SERVICE**

1

2        I hereby certify that on this 5th day of December 2023, I filed hard copies of the NLRB's
Notice of Appearance of Interested Party and the National Labor Relations Board's Brief in
3   Support of Debtor's Application for the Entry of an Order Providing that the Automatic Stay
does not Apply to the Ninth Circuit's Proceedings Enforcing or Vacating an Order by the NLRB
4   with the U.S. Bankruptcy Court for the Northern District of California, San Francisco Division at

5        450 Golden Gate Ave.
         Mail Box 36099
6        San Francisco, CA 94102

7        I further certify that counsel of record for the Debtor, Trustee, U.S. Trustee, and IAM
have been served by UPS Overnight and email at the following addresses:

8   Debtor/ILWU:

9        Debra I. Grassgreen
         Pachulski Stang Ziehl & Jones LLP
10       One Sansome Street
         34th Floor, Suite 3430
11       San Francisco, CA 94104-4436
         dgrassgreen@pszjlaw.com
12
         Beth E Levine
13       Pachulski Stang Ziehl & Jones LLP
         780 Third Avenue
14       Ste 34th Floor
         New York, NY 10017
15       blevine@pszjlaw.com

16  Trustee:

17       Mark M. Sharf
         6080 Center Dr., #600
18       Los Angeles, CA 90045
         mark@sharflaw.com

19  U.S. Trustee:

20       Jared A. Day
         Office of the U.S. Trustee
21       300 Booth St. #3009
         Reno, NV 89509
22       Email: jared.a.day@usdoj.gov

23       Christina Lauren Goebelsmann
         Department of Justice
24       450 Golden Gate Ave.

10

5th Floor
Ste 05-0153
San Francisco, CA 9410
Email: christina.goebelsmann@usdoj.gov

International Association of Machinists and Aerospace Workers, District Lodge 160,
Local Lodge 289:

DAVID A. ROSENFELD
JOLENE E. KRAMER
Weinberg, Roger & Rosenfeld
1375 55th Street
Emeryville, California 94608
bankruptcycourtnotices@unioncounsel.net
drosenfeld@unioncounsel.net
jkramer@unioncounsel.net

                              s/ Matheus Teixeira.
                              MATHEUS TEIXEIRA
                              Trial Attorney
                              Matheus.Teixeira@nlrb.gov
                              (202) 273-2959


                              Contempt, Compliance, and
                                   Special Litigation Branch
                              1015 Half Street, S.E., 4th Floor
                              Washington, D.C. 20003

11

EXHIBIT C

DAVID A. ROSENFELD, Bar No. 058163
JOLENE E. KRAMER, Bar No. 259241
Weinberg, Roger & Rosenfeld
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bankruptcycourtnotices@unioncounsel.net
          drosenfeld@unioncounsel.net
          jkramer@unioncounsel.net

Attorneys for MACHINISTS DISTRICT LODGE 190,
MACHINISTS DISTRICT LODGE 160, MACHINISTS
LOCAL LODGE 289

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| In Re | Case No. 23-30662-HLB |
|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | Chapter 11 |
| Debtor. | |

## OPPOSITION TO EX PARTE APPLICATION TO RELIEF FROM MOTION FOR STAY

International Association of Machinists and Aerospace Workers, District Lodge 160, Local Lodge 289 (IAM), opposes the Debtor International Longshore and Warehouse Union's ("Debtor" or "ILWU") ex parte application for entry of an order providing the automatic stay does not apply to the pending appeal before the Ninth Circuit.  The exception to the automatic stay for the government's exercise and enforcement of its regulatory powers does not apply to prosecution of appeals by private parties in an effort to overturn government actions.  Permitting the Debtor to continue prosecuting the Ninth Circuit litigation it initiated would require substantial expenditure of resources, create financial exposure for the Debtor, and risk improper activities including the same unlawful conduct that precipitated this bankruptcy in the first place.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1

157217\1417044

The Ninth Circuit's stay of the litigation does not prejudice the Debtor and should remain in place.  Accordingly, IAM brings this opposition to the Debtors' application.

1.     IAM is a party to the Ninth Circuit litigation from which the Debtor seeks relief from the automatic stay.  The IAM opposes the Debtor's application for an order providing the stay does not apply to the pending appeal for the reasons explained below.

2.     The Ninth Circuit action consists of four separate matters.  First there is the Petition for Review filed by the ILWU in the Ninth Circuit, Case 23-632. Second, a Petition for Review filed by the Employer Association, The Pacific Maritime Association, Case 23-658. Third a Petition for Review filed by the IAM, Case 23-793.  That Petition for Review was initially filed in the D.C. Circuit but was consolidated by a Consolidation Order from the Judicial Panel on Multidistrict Litigation with the other cases in the Ninth Circuit.  Fourth, there is a Cross-Application for enforcement filed by the National Labor Relations Board in Case 23-632 which cross-application was docketed at 23-780.  These cases have all been consolidated by the Ninth Circuit.

3.     The Court stayed the briefing schedule, which was set to begin in December, because it received notification of the pendency of the bankruptcy filing.  See Exhibit to Declaration of Eleanor Morton.

4.     The briefing in this case will be extremely complicated because of the scope of the issues raised.  The Pacific Maritime Association, the ILWU and the Machinists Union each has a Petition for Review.  Each will raise various issues.

5.     The IAM will be raising issues of remedy, seeking additional remedies including monetary remedies to be imposed upon the ILWU.  Monetary remedies will only be addressed later by the Board on remand if the Ninth Circuit orders a remand on the remedial issue.

6.     At stake in the Board's order is an order that the ILWU rescind certain grievances filed against the employer involved, SSA Terminals.  The dispute involves work at Terminal 5 in Seattle.  The ILWU filed grievances which the Board has ordered the ILWU to rescind.  The Board ordered the ILWU to rescind those grievances and directed that the ILWU could not bring additional grievances which grievances against SSA.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

2

7.      The IAM membership had been performing the work at Terminal 5 since the fall of 2020.  SSA Terminals the employer involved is fully satisfied with the members of the IAM performing work at Terminal 5 and expressed a preference to use the IAM mechanics.  The Board expressly found that SSA Terminals wishes to use the IAM members at Terminal 5.

8.      The ILWU seeks to be able by coercive tactics to force SSA Terminals to fire the IAM represented mechanics and to hire ILWU represented mechanics.  Contrary to the representation of the ILWU, its workforce has grown substantially, and its efforts constituted work acquisition, not work preservation.

9.      Contrary to the assertions of the ILWU, its workforce was fully employed during this litigation. These issues are before the Ninth Circuit.

10.     The ILWU represents in this Motion that if it wins before the Ninth Circuit its members will begin performing that work.  There is no certainty and nothing in the record suggests that SSA Terminals would decide to terminate and fire all machinist members who are performing this work and hire inexperienced and more expensive ILWU personnel.

11.     The ILWU filed this bankruptcy claiming that it could not afford the attorneys' fees in defending from its unlawful conduct in the ICTSI litigation.  The same kind of unlawful conduct is involved in the Ninth Circuit case, namely jurisdictional disputes and failure to comply with Board Orders resolving those jurisdictional disputes.  This Court should not allow the Debtor to waste further substantial resources in this proposed Subchapter V Plan to continue the same kind of illegal conduct which created the bankruptcy to begin with.

12.     As noted above, the ILWU is continuing to commit the same violations which caused the bankruptcy.  Admittedly there has been no strike or picketing yet but the ILWU has not promised that it will not picket or strike in support of its jurisdictional demands.  Moreover, fundamentally the ILWU continues the same course of illegal conduct.  This Court should not grant a stay because it needs to consider whether to grant relief under Subchapter V depending upon whether there is any likelihood of ILWU continued unlawful conduct and whether the Subchapter V Plan otherwise meets legal obligations.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

3

Case: 23-30662    Doc# 79    Filed: 11/09/23    Entered: 11/09/23 15:33:46    Page 3 of 6

13.     The ILWU engaged in coercive tactics during the recent roughly 14-month hiatus between the last expired contract on June 30, 2022 and the recently ratified new agreement. During that period, it engaged in multiple work stoppages, slowdowns and other illegal tactics, some of which led to loss of work by IAM represented employees.

14.     Potentially SSA Terminals the employer involved and potentially the members of the IAM will have damage claims if the ILWU continues in this grievance processing or IAM members lose work or where SSA suffers any work stoppages or other interference with its operations at Terminal 5 the major terminal in the Port of Seattle.

15.     Although we recognize that as the ILWU points out, the Courts have generally not stayed cases in Courts of Appeals where the National Labor Relations Board has sought enforcement of Board Orders, those cases do not address the question of whether that exception from the stay is appropriate when private parties like the Debtor and others are seeking review of the Board Order to prevent enforcement.  Here, as noted above, the ILWU is seeking review of the Board Order.  The Pacific Maritime Association is seeking review of the Board Order.  The Machinists Union is seeking review of the Board Order.  In particular the Machinists Union is seeking a much broader remedy against the ILWU that provided for by the Board. The Cross-Petition for enforcement is directed only at the ILWU.  See, generally, *NLRB v. Continental Hagen Corp.*, 632 F.2d 828, 831-32 (9th Cir. 1991).

16.     This is an important distinction because the statutory exception to the automatic stay for the government's exercise and enforcement of its regulatory powers does not apply to private parties in an effort to overturn governmental actions. 11 U.S.C. § 362(b)(4) provides an exception for "the commencement or continuation of an action or proceeding *by a governmental unit* to enforce such governmental unit's police or regulatory power."  It does not provide for the commencement or continuation of an action by a private party seeking to vacate a government order.  Similarly, 111 U.S.C. § 362(b)(5) provides an exception to the stay for "the *enforcement of a judgment* … obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."   It does not provide for the prosecution of appeals by private parties in an effort to prevent enforcement of an agency's order.  Permitting the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

4

1   ILWU to prosecute the appeal it initiated to challenge the Board's order would result in a

2   substantial expenditure of resources not to further public policy and the government's ability to

3   enforce its regulatory powers, but to circumvent the government's decision and enforcement of its

4   regulatory powers.  Allowing all parts of the consolidated litigation to move forward would also

5   permit private parties like the IAM to seek to have the Court modify and substantially broaden the

6   remedy against the Debtor.  The language of the statute does not permit this, but instead requires

7   such litigation to be stayed.

8          17.    Permitting private parties to pursue appeals of government actions is also

9   undesirable because it risks financial exposure.  The ILWU would like to force the employer

10  involved SSA Terminals to fire all of the IAM mechanics.  The mechanics would then have a

11  potential claim against the ILWU and/or the employer involved.  The employer itself would incur

12  very substantial expenses where the ILWU engage in picketing, strike or other efforts to force

13  SSA to terminate the IAM mechanics who are performing the work at Terminal 5.  There is

14  potential civil monetary relief on all sides.  The ILWU must believe that the IAM has monetary

15  claims since it is listed as a creditor.  A further coercive activity by the ILWU could lead to

16  another action pursuant to 29 U.S.C. § 187, the same statute which is the basis of the ICTSI

17  action.

18         18.    A stay will not prejudice the ILWU.  The Court has set a date in February 2024 for

19  Plan confirmation.  If the Plan is confirmed that the ILWU can raise this issue again.  At most a

20  stay will delay the briefing for several months.  Under Ninth Circuit procedures, this is not likely

21  to stay or to delay oral argument by much because the Ninth Circuit is now generally fairly

22  promptly setting oral argument after the briefing is completed. Moreover, the financial statements

23  do not such that the income of the ILWU will be affected materially by the outcome of his

24  dispute.

25         19.    The ILWU has not sought the position of the National Labor Relations Board or

26  SSA Terminals.  SSA Terminals is the directly affected employer.  It has also not sought the

27  position of the Pacific Maritime Association, the other party in the Ninth Circuit.  It did represent

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

5

1    to this Court that it had sought the position of the IAM which is a party directly affected.  It just

2    summarily sought an ex parte order.  This conduct should not be sanctioned by this Court.

3        20.    This Court lacks the power to enter an order effectively overruling the Ninth

4    Circuit's order staying the briefing.  This request should be directed in the first instance to that

5    Court.

6        21.    The ILWU maintains that the Coast Longshore Division is a separate entity and

7    has he authority to enforce the terms of the PCLCD.  The Coast Longshore Division has not

8    joined in this motion.

9        22.    For the reasons suggested above, this Court should deny the request for relief from

10   the automatic stay.  The Ninth Circuit order staying the briefing schedule should remain in place

11   until after the Court rules on the confirmation or hearing on whether to confirm the Subchapter 5

12   Plan. Alternatively, the Court should set this down for a full hearing.

13

14

15

16   Dated:  November 9, 2023                    Respectfully Submitted,

17                                               WEINBERG, ROGER & ROSENFELD
                                                 A Professional Corporation

18                                               /s/  Jolene E. Kramer

19                                       By:         DAVID A. ROSENFELD
                                                    JOLENE E. KRAMER

20                                               Attorneys for Machinists District Lodge 190,
                                                 Machinists District Lodge 160, Machinists Local
21                                               Lodge 289, and the International Association of
                                                 Machinists
22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

6

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE HANNAH L. BLUMENSTIEL, JUDGE

| | |
|---|---|
| In Re:<br><br>INTERNATIONAL LONGSHORE and<br>WAREHOUSE UNION,<br><br>              Debtor. | ) Case No. 23-30662-hlb<br>) Chapter 11, Subchapter V<br>)<br>) <u>DEBTOR'S APPLICATION for the</u><br>) <u>ENTRY of an ORDER PROVIDING</u><br>) <u>that the AUTOMATIC STAY DOES</u><br>) <u>NOT APPLY to a PENDING</u><br>) <u>APPEAL INVOLVING a</u><br>) <u>PREPETITION REGULATORY</u><br>) <u>DECISION (including the</u><br>) <u>RULING of the COURT)</u><br>)<br>) December 7, 2023<br>) San Francisco, California |

<u>Appearances via tele/video conference</u>:

For the Debtor:            Jason H. Rosell
                           Pachulski Stang Ziehl & Jones LLP
                           One Sansome St., 34th Floor, Suite 3430
                           San Francisco, California  94104

From the NLRB:             Matheus Texeira
                           National Labor Relations Board
                           Contempt, Compliance & Special
                            Litigation Branch
                           1015 Half Street, SE, Fourth Floor
                           Washington, D.C.  20003

For the International
Association of
Machinists and
Aerospace Workers,         David Rosenfeld
District Lodge 160         Weinberg Roger & Rosenfeld
and Local Lodge 289:       1375 55th Street
                           Emeryville, California  94608

Subchapter V               Mark M. Sharf
Trustee:                   Sharf Law Firm
                           6080 Center Drive, Suite 600
                           Los Angeles, California  90045

2

```
Digital Court            United States Bankruptcy Court
Recorder in              San Francisco Division
Courtroom 17,            Dan Sondheim
16th Floor:              450 Golden Gate Avenue
                         San Francisco, California  94102
                         (415) 268-2312
```

```
Certified Electronic     Susan Palmer, CERT 00124
Transcriber:             Palmer Reporting Services
```

```
           Proceedings recorded by digital recording;
 transcript produced by federally-approved transcription service.
```

*Debtor's Application re Automatic Stay*                                    3

2                    P R O C E E D I N G S

3          THE COURT:  All right.  The next and final matter on

4    the Court's 1:00 p.m. calendar is that of International

5    Longshore and Warehouse Union.  It's Chapter 11, Case Number

6    23-30662.  It comes before me today for a hearing on debtor's ex

7    parte application for the entry of an order approving — or,

8    sorry — providing that the automatic stay does not apply to a

9    pending appeal involving a prepetition regulatory decision.

10         The motion is — or the application is Docket Number

11    72, it was filed on November 7, 2023.  And, as I indicated, it

12    was filed originally as an ex parte application.  It drew

13    opposition from International Association of Machinists and

14    Aerospace Workers, District Lodge 160 and Local Lodge 289.  I'll

15    refer to that party as IAM.  That opposition was filed on

16    November 9.  It's Docket Number 79.

17         IAM filed a further opposition on November 30th,

18    Docket Number 104.  Our Local Rules do not provide for a further

19    opposition.  So I ordered that unauthorized further opposition

20    struck by way of a docket text order entered on December 4,

21    2023.

22         On December 5, 2023, the National Labor Relations

23    Board filed a brief in support of the application.  That is

24    Docket Number 107.

25         I will take appearances by way of roll call.

*Debtor's Application re Automatic Stay*    4

1          Mr. Rosell.

2          MR. ROSELL:  Good afternoon, Your Honor.  Jason

3   Rosell, Pachulski, Stang, Ziehl and Jones, on behalf of the

4   debtor.

5          THE COURT:  Thank you.

6          Mr. Rosenfeld.

7          MR. ROSENFELD:  David Rosenfeld on behalf of the IAM.

8          THE COURT:  Thank you.

9          Mr. Texeira.

10         MR. TEXEIRA:  Good afternoon, Your Honor.  Mr. Texeira

11  for the National Labor Relations Board.

12         THE COURT:  Thank you.  Sorry for your mispronouncing

13  your name.

14         And, Mr. Sharf.

15         MR. SHARF:  Good afternoon, Your Honor.  Mark Sharf,

16  Subchapter V Trustee.

17         THE COURT:  Thank you.

18         So I don't think the parties dispute any of the

19  background facts.  And, just for purposes of the record, the

20  NLRB issued a decision and order on April 6th, 2023 that

21  required the debtor that I — to which I will refer as ILWU, or

22  the debtor — to do a number of things.  They didn't seek

23  monetary relief, but they ordered the debtor to cease and desist

24  from taking certain actions, pursuing certain claims, and

25  required the debtor to provide certain notices and other things,

*Debtor's Application re Automatic Stay*                    5

1   but no monetary relief was sought.

2          On April 10 of this year, the debtor filed a petition

3   for review of that decision with the Ninth Circuit, which

4   commenced what I will refer to as the appeal.  The debtor filed

5   this bankruptcy case on September 30th and filed in the appeal,

6   a notice of the commencement of this bankruptcy case.  And then

7   a couple of days later, IAM also filed a notice of commencement

8   of the bankruptcy case, in which it stated that the appeal

9   should be stayed.

10         About a month after that, the Ninth Circuit issued an

11  order in fact declaring the appeal stayed and required the

12  debtor to provide a status report some time in 2024 about the

13  bankruptcy and related issues.

14         So what the debtor seeks from me today is an order

15  declaring that the automatic stay does not apply to the appeal,

16  which actually involves four consolidated proceedings, but I'm

17  referring to them all together generically as the appeal.

18         The opposition from IAM attempts to argue that the

19  automatic stay, the exception to the automatic stay found in

20  Section 362(b)(4), which applies to acts that represent the

21  government's exercise and enforcement of its police and

22  regulatory powers, does not apply to appeals by private parties

23  in an effort to overturn government action.  IAM's opposition

24  also cites to Section 362(b)(5), but my research indicates that

25  that section of the Bankruptcy Code was repealed in 1998.  And

*Debtor's Application re Automatic Stay*                                      6

1   the brief from the NLRB largely supports the relief sought by

2   the debtor.

3           And my research also indicates that the debtor is

4   correct on the merits, there is Ninth Circuit authority that

5   specifically states that proceedings such as the appeal are

6   excepted from the automatic stay, pursuant to Section 362(b)(4).

7   And the case I'm relying on for that proposition was cited by

8   the debtor.  It's *National Labor Relations Board versus Cont'l*

9   *Hagen Corporation*, 932 F.2d 828, a Ninth Circuit Court of Appeal

10  decision from 1991.

11          The question I have, however, is what business do I

12  have telling the Ninth Circuit they got it wrong.  If you want

13  relief from an order issued by the Ninth Circuit, you go to the

14  Ninth Circuit.

15          Mr. Rosell.

16          MR. ROSELL:  Your Honor, and that is what we intend to

17  do at the appropriate time —

18          THE COURT:  You just wanted something to wave around.

19  I get it.

20          MR. ROSELL:  Not — well, yes, —

21          THE COURT:  Saying that with a smile on my face.

22          MR. ROSELL:  But — yes, Your Honor, that — I mean that

23  is exactly what we are seeking here, because I think the Ninth

24  Circuit somehow interpreted IAM's notice, which they did not

25  consult us on.  Right, we filed our notice first.  We

*Debtor's Application re Automatic Stay*                                        7

1    specifically did not say that the — that the appeal was stayed.

2    We simply wanted to inform the Ninth Circuit that a bankruptcy

3    case had been commenced.  Usually you include the magic language

4    of the proceeding is stayed under 362; we did not do that.

5            IAM took it upon themselves after we filed our notice

6    to then say:  Here is another notice of the bankruptcy case.  It

7    is now subject to the — and it is subject — this appeal is now

8    subject to the automatic stay.

9            It was just a notice, they didn't file a motion.

10           The Ninth Circuit eventually saw that notice, we

11   believe, and took it upon themselves to say:  Okay, it's stayed.

12           We think they simply just got confused and didn't

13   realize that the automatic stay doesn't actually apply.

14           And so what we intend to do, if we prevail today, is

15   to go to the Ninth Circuit and say — and essentially file a

16   motion to unstay the case, stating that just for clarity, if you

17   intended to stay the case, then we'll abide by that, but the

18   automatic stay does not apply in this situation to an NLRB

19   proceeding.

20           And the Ninth Circuit case — or Ninth Circuit law is

21   obviously clear, Your Honor.  You know, the NLRB proceeding

22   falls under the 362(b)(4) exception under the — under *Cont'l*

23   *Hagen*.  With respect to whether or not an NL- — an appeal of an

24   NLRB proceeding is subject to a stay, just the fact of appealing

25   an order, we say that — we use the word appeal loosely.  It's

*Debtor's Application re Automatic Stay*                                    8

1    really a review of the order —

2              THE COURT:  Right.

3              MR. ROSELL:  — requested.  And the NLRB itself, right,

4    they in the consolidated proceeding, that consolidated

5    proceeding includes the NLRB's application to enforce the order.

6              THE COURT:  Um-hum.

7              MR. ROSELL:  That is the only way that the NLRB is

8    allowed to enforce the order.  They must take their order and go

9    to the Ninth Circuit and ask the Ninth Circuit to enforce the

10   order.  As of right now, the Ninth Circuit has stayed that, and

11   IAM is suggesting that the — that the automatic stay prevents

12   the NLRB from enforcing their order.  That's clearly wrong under

13   the Ninth Circuit law.

14             Turning just briefly, though, again, Your Honor, to

15   the — whether an appeal somehow changes whether the automatic

16   stay applies, it does not.  The Ninth Circuit in *Ingersoll-Rand*,

17   817 F.2d 1424, is clearly on point and says you look at the

18   underlying action and you test it at — the test date is at the

19   inception of the underlying action.  If the underlying action is

20   exempt from the stay or if it's stayed, it rides through on an

21   appeal.  And that makes sense in this case.

22             If we flip it around, a debtor cannot — the debtor

23   could not simply defeat or — or impose an automatic stay simply

24   by appealing an action by the government.  I mean that would

25   mean that the government enforced — seek an injunction, debtor

*Debtor's Application re Automatic Stay*                                    9

1    appeals, it immediately files a bankruptcy, and somehow that

2    that enforced an action is now stayed.  That is — that is not

3    what happened here.

4           So, Your Honor, we believe that Ninth Circuit law

5    controls directly on point and the automatic stay does not

6    apply.

7           THE COURT:  Okay.  So I mean the *Cont'l Hagen* case

8    involved a request by the NLRB to enforce a decision and order.

9    So in that sense it's identical at least to one of the four, you

10   know, consolidated proceedings that make up the generic appeal

11   to which I refer.

12          The *Ingersoll-Rand* case that you cited, I don't

13   believe was cited in your brief, I have no reason to doubt, you

14   know, that it says what you say it says.  But, you know, it's

15   pretty clear to me that on the merits, the debtor got it right,

16   but again, you know, I'm not so sure I'm the one who should be

17   declaring the Ninth Circuit wrong.  It's an order that the Ninth

18   Circuit issued.

19          And, Mr. Rosell, I would even go so far as to say,

20   with great respect to the Ninth Circuit, that I don't think

21   anybody thought about it before they issued that order.  So, you

22   know, — but who knows.

23          MR. ROSELL:  Your Honor?  I'm sorry.

24          THE COURT:  Um-hum.

25          MR. ROSELL:  Your Honor, and we're not — we're not

*Debtor's Application re Automatic Stay*                    10

1  suggesting that the entry of an order granting our application

2  is somehow overriding the Ninth Circuit.  That case is still —

3  that case will still be stayed.  All Your Honor is doing is

4  saying that for purposes of the bankruptcy, clarifying that the

5  automatic stay under Section 362 does not apply to the NLRB's

6  proceeding, it is — it is excepted from it.  That — that is not

7  going to magically override and unstay the case in the Ninth

8  Circuit.

9        The Ninth Circuit did not say that it's staying it

10  because of the automatic stay.  The Ninth Circuit simply said it

11  is stayed.  And so we will have to go to the Ninth Circuit and

12  say at the Ninth Circuit:  Did you intend to do this because of

13  the automatic stay or did you have another reason to stay the

14  case.  And if it's another reason, then we will have a

15  discussion with the Ninth Circuit about it.

16        THE COURT:  Give me just a second, please.

17        So I wanted to make sure I'm referring accurately to

18  the Ninth Circuit's order.  The Ninth Circuit's order staying

19  the appeal is Exhibit D to the Declaration of Eleanor Morton,

20  which was filed in support of the motion that's before me today.

21  Her declaration is in the record at Docket Number 73.  And this

22  order is Exhibit D.  It says, and I'm just going to read it,

23  it's very short:

24        The Court has received International Longshore and

25  Warehouse Union's notice of commencement of bankruptcy case,

*Debtor's Application re Automatic Stay*                    11

1    Docket Entry Number 19 in Number 23-632.  Appellate proceedings

2    are stayed in these consolidated cases.  On or before April 30,

3    2024, International Longshore and Warehouse Union is directed to

4    file with this Court a status report concerning the bankruptcy

5    proceeding.  The status report should include the court and case

6    number of the bankruptcy proceeding, whether any party to this

7    appeal has sought relief from the automatic stay, and the

8    projected termination date of the stay, if known.  Briefing is

9    stayed, pending further order of the court.

10          So you're correct, Mr. Rosell, that — that this order

11   does not specifically stay — say that the automatic stay stays

12   the appeal, but that sure is the gist of it.  Otherwise, why

13   would the Ninth Circuit ask for a status report and information

14   pertaining to whether anybody sought relief from the stay, the

15   projected termination date of the stay, et cetera.

16          So, you know, I continue to believe that I don't think

17   the Ninth Circuit really considered whether the stay applied

18   before issuing that order, but I'd like to hear from Mr.

19   Rosenfeld.

20          MR. ROSENFELD:  Your Honor, you know I practiced

21   enough before the Ninth Circuit to believe you're probably

22   correct that they didn't have all the arguments before them, the

23   Labor Board did not weigh in before the court issued the order,

24   and I think Your Honor's got the gist of this that the

25   appropriate resolution to today's motion is to deny it without

*Debtor's Application re Automatic Stay*                    12

1   prejudice, unless the Labor Board and — asks the Ninth Circuit

2   to change or correct its order if they choose to do so.

3        There are some arguments that I would make to this

4   Court that are probably different than I would make to the Ninth

5   Circuit because I'm aware of this problem.  I've been in other

6   bankruptcy cases before, and the Board may well be right here.

7   But I think given the fact that the Ninth Circuit order, Your

8   Honor need not issue an order that just becomes something to

9   wave to the Ninth Circuit.  I think the appropriate course is

10  for the ILWU and the Board to file a motion with the Ninth

11  Circuit, explain its position, and we'll file a response, and

12  let the Ninth Circuit change its own order rather than have Your

13  Honor — and I'll say this with a smile — sort of effectively

14  overrule the Ninth Circuit.

15       I did want to note that, Your Honor, that the

16  background of this is important only to understand that this

17  whole dispute arose in 2019.  I did a several-day hearing in

18  Seattle with Ms. Morton over this issue.  And then in 2020, the

19  Board issued it's — what called a determination of dispute which

20  said that members of the IAM should perform this maintenance or

21  repair work at this new big terminal, Terminal 5 in Seattle.  A

22  few months later, the employer involved, SSA, then turned the

23  work over to our members, and we've been doing the work in that

24  terminal since roughly September of 2020, now more than three

25  years.  So, frankly, we're not interested in a prompt resolution

*Debtor's Application re Automatic Stay*                                    13

1   or fight over this case because we don't need to spend a lot of

2   appellate money.

3          And my other concern, as I raised in my motion, is

4   that this Subchapter V plan posits or proposes that the assets

5   of the Longshore or Union be turned over to ICTSI, which is a

6   primary creditor, in return for relief from the litigation,

7   because they say they have all this litigation expense.  So it

8   doesn't make a lot of sense that they should then eat off — or

9   reduce that estate, really belongs to ICTSI; if you confirm the

10  plan in litigation to the Ninth Circuit, it won't benefit the

11  estate.

12         And the reason this won't benefit the estate is they

13  concede that the best result possible would be to win down the

14  road at some point and then maybe get the employer to turn the

15  work back over to ILWU members.  And you may remember of course

16  that this whole ICTSI litigation grows out of the same kind of

17  fight where the ILWU was fighting over jurisdiction over some

18  work that was in M and R work, electrical work, and got itself

19  in all this trouble over this.  So this is sort of the same kind

20  of fight.  But the point is it doesn't benefit the bankruptcy

21  proceeding to fight about something that's way down the future

22  and spends substantial money in an appellate court over

23  something that's speculative down the road.  So we think it's

24  sort of —

25         THE COURT:  Okay.

*Debtor's Application re Automatic Stay* 14

1      MR. ROSENFELD: — inappropriate.  But, in any case, I

2 think Your Honor should not overrule the Ninth Circuit, deny the

3 motion without prejudice.  Mr. Rosell and the Board know how to

4 file a motion at the Ninth Circuit; and I'll respond.

5      THE COURT:  Okay, so — I appreciate that, Mr.

6 Rosenfeld, but really I mean that's a mischaracterization of

7 what the plan actually provides.  The proposed plan, which has

8 not yet been confirmed, provides that all creditors other than

9 ICTSI can carry on litigating or whatever.  They will have —

10 none of their rights will be modified or erased or anything by

11 way of the plan.  Their claims will completely ride through.

12 The debtor is not seeking a discharge of those claims.  So it's

13 not quite as you suggest.

14      I also really need to understand why you cited to a

15 section of the Bankruptcy Code that has been repealed.

16      MR. ROSENFELD:  I don't know the answer.  I will have

17 to go back and look.  When I was doing the motion, when I did my

18 research, I saw that I may have put the wrong number in it.  And

19 I'll just go back and figure it out.  I don't know.

20      THE COURT:  I mean you make an affirmative argument

21 based on Section 362(b)(5) and the Code that I'm looking at,

22 which is 2023, says it was repealed in 1998.  I'm not perfect.

23 St- — you know, but I looked at it multiple times because I was,

24 frankly, flabbergasted.

25      MR. ROSENFELD:  Well, I'm embarrassed about it.  I try

*Debtor's Application re Automatic Stay*                                    15

1    to be careful.  I did this electronically and if I made a

2    mistake, I apologize.  And if Your Honor wants me to file

3    something correcting it, I will do so promptly.  I just — I'm —

4              THE COURT:  Not necessary.  Thank you —

5              MR. ROSENFELD:  — flabbergasted because I'm pretty

6    careful about that.  But I'm not a bankruptcy lawyer.  I get

7    involved in bankruptcies pretty rarely.  I've been involved in a

8    few in my career.  And I just saw that and — anyway.

9              THE COURT:  All right.  Mr. Texeira, is there anything

10   you'd like to add?

11             MR. TEXEIRA:  Just briefly.  Thank you, Your Honor.

12   To this whole question —

13             THE COURT:  Please be brief.

14             MR. TEXEIRA:  Yeah.

15             THE COURT:  Thank you.

16             MR. TEXEIRA:  The automatic stay derives from the

17   authority of this Court, not the Ninth Circuit.  And based on

18   the order that you read into the record, Your Honor, the Ninth

19   Circuit seemed to anticipate parties would seek relief from the

20   automatic stay and also appears to be seeking the opinion of

21   this Court.  So the NLRB believes that it is proper for this

22   Court to issue an order that it sees proper, finding that the

23   automatic stay does not apply to the NLRB's enforcement action

24   in the Ninth Circuit.  Thank you.

25             THE COURT:  So the last — thank you for that.  The

*Debtor's Application re Automatic Stay*                                    16

1   last question that I have is that SSA Terminals — well, see,

2   which I understand to be the affected employer, was not served

3   with the motion or notice of the hearing.  Can anybody speak to

4   that?

5          MR. ROSELL:  Your Honor, it's my understanding that

6   the SSA Terminal is not a party to any of the underlying

7   proceedings.

8          THE COURT:  Mr. Texeira.

9          MR. ROSENFELD:  They were the party —

10         THE COURT:  I asked for Mr. Texeira to speak.

11         Mr. Texeira.

12         MR. TEXEIRA:  Your Honor, the same understanding as

13  Mr. Rosell.

14         THE COURT:  So —

15         MR. ROSENFELD:  Your Honor, if I may speak?

16         THE COURT:  Just a moment, please.

17         I'm looking at the decision and order issued April 6,

18  2023, which is Exhibit A to Ms. Morton's declaration.  And it

19  identifies SSA as a party-in-interest.  Is that not accurate?

20         It's in the — they're identified in the caption.

21         MR. ROSELL:  Your Honor, if I may, my —

22         THE COURT:  Please.

23         MR. ROSELL:  — understanding is that the Pacific

24  Maritime Association is appearing on behalf of the employer in

25  the Ninth Circuit action.

*Debtor's Application re Automatic Stay*                                    17

1    THE COURT:  And Pacific Maritime Association was

2    served with the notice.  That I did confirm.

3    MR. ROSELL:  Correct, Your Honor.

4    THE COURT:  So, Mr. Rosenfeld, what did you — you

5    wanted to say?

6    MR. ROSENFELD:  Your Honor, correct.  SSA Terminal is

7    the employer involved in this dispute and they were a full party

8    before the Labor Board.  It is correct that they have not sought

9    to intervene in the Ninth Circuit proceeding.  It is not correct

10    that I've seen anything that suggests that the Pacific Maritime

11    Association is entering an appearance on behalf of SSA.  And,

12    frankly, when you look at the record and if you were to look at

13    the record in the underlying case, SSA and PMA were on opposite

14    sides of this dispute, largely — to some extent, not entirely.

15    So although SSA is a member of the PMA, their interest has not

16    been aligned, and SSA was a party to the underlying proceeding.

17    There's no question about that.  You read the caption correctly.

18    They appeared with their lawyer, litigated, put on their own

19    evidence, wrote their own briefs.

20    THE COURT:  Okay.  All right.  I'm going to — I'm

21    going to deny the application, but it will note that the debtor

22    accurately characterizes Ninth Circuit law, that I don't believe

23    that the automatic stay applies to the appeal relying on the

24    *Cont'l Hagen* case.  And, you know, like I said, I agree with the

25    debtor and the NLRB on the merits of the request that's before

*Debtor's Application re Automatic Stay*                    18

1    me, but it's the Ninth Circuit's order.  And any relief from

2    that order needs to be sought in the Ninth Circuit.  So I will

3    issue an order to that effect.

4              Thank you, everyone.

5              MR. ROSENFELD:  Thank you very much, Your Honor.

6              MR. TEXEIRA:  Thank you, Your Honor.

7              MR. ROSELL:  Thank you, Your Honor.

8              THE COURT:  And that concludes the 1:00 p.m. calendar.

9         (The hearing was adjourned at 1:52 o'clock p.m.)

10                        —o0o—

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

State of California          )
                            )      SS.
County of Stanislaus         )


       I, Susan Palmer, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the digital recording provided to me by the United States Bankruptcy Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

       I further certify that I am not a party to nor in any way interested in the outcome of this matter.

       I am a Certified Electronic Reporter and Transcriber by the American Association of Electronic Reporters and Transcribers, Certificate Nos. CER-124 and CET-124.  Palmer Reporting Services is approved by the Administrative Office of the United States Courts to officially prepare transcripts for the U.S. District and Bankruptcy Courts.

Susan Palmer
Palmer Reporting Services
2129 Golden West Lane
Modesto, California  95350
(209) 915-3065

Dated December 18, 2023

EXHIBIT E



**Signed and Filed: December 7, 2023**

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

### UNITED STATES BANKRUPTCY COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 23-30662 HLB |
| | ) |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | ) Chapter 11 |
| | ) |
| Debtor. | ) |

### ORDER DENYING DEBTOR'S EX PARTE APPLICATION

This case came before the court on December 7, 2023 for a hearing on Debtor International Longshore and Warehouse Union's ("ILWU") "Ex Parte Application for the Entry of an Order Providing that the Automatic Stay Does Not Apply to a Pending Appeal Involving a Pre-Petition Regulatory Decision".[1] ILWU noticed the Application for hearing[2] after it drew opposition from the International Association of Machinists and Aerospace Workers, Machinists District Lodge 160 and Machinists Local Lodge 289 (the "Machinists").[3] The National Labor Relations Board

---

[1] Dkt. 72 (the "Application").

[2] Dkt. 80.

[3] Dkt. 79. The Machinists filed a "Further Opposition" on November 30, 2023 (Dkt. 104). On December 4, 2023, the court struck the Further Opposition as not authorized by the Bankruptcy Local Rules.

(the "NLRB") filed a brief in support of the Application.[4]
Appearances were as noted on the record.

The parties do not dispute the events giving rise to the
Application.  On April 6, 2023, the NLRB issued a decision and
order[5] against ILWU.  ILWU petitioned the Ninth Circuit Court of
Appeals for review of the Apr. 6 Decision, as did the Machinists
and the Pacific Maritime Association.  The NLRB has filed an
application seeking enforcement of the Apr. 6 Decision.  All of
these matters have been consolidated for adjudication by the
Ninth Circuit (the "Appeal").

On October 4, 2023, ILWU filed with the Ninth Circuit a
notice of commencement of this bankruptcy case.[6]  On October 9,
2023, the Machinists filed with the Ninth Circuit a notice
similar to that filed by ILWU, however, the Machinists' notice
represented that "[t]he filing of this bankruptcy petition should
stay [the Appeal]."[7]  On November 2, 2023, the Ninth Circuit
issued an order staying the Appeal and setting other deadlines.[8]

ILWU contends that the Ninth Circuit incorrectly stayed the
Appeal and seeks an order from this court declaring that the
automatic stay does not apply to regulatory actions such as that
from which the Appeal arose, pursuant to 11 U.S.C. § 362(b)(4).
The Machinists contend that "[t]he exception to the automatic
stay [set forth in 11 U.S.C. § 362(b)(4)] for the government's

---

[4] Dkt. 107.
[5] Dkt. 73 (Declaration of Eleanor Morton), Ex. A (the "Apr. 6 Decision").
[6] Dkt. 73, Ex. B.
[7] Dkt. 73, Ex. C.
[8] Dkt. 73, Ex. D.

-2-

1   exercise and enforcement of its regulatory powers does not apply

2   to prosecution of appeals by private parties in an effort to

3   overturn government actions."

4        The Machinists cite no authority in support of that

5   statement, which ignores the fact that the Appeal arises from an

6   action commenced by the NLRB and ignores Ninth Circuit

7   precedent.[9]  That said, if ILWU wants a finding that the Ninth

8   Circuit incorrectly declared the Appeal subject to the automatic

9   stay, it needs to request such relief from the Ninth Circuit –

10  not this court.

11       Accordingly, and for the reasons stated on the record, the

12  court **ORDERS** that the Application is hereby **DENIED**.

13

14

15                        **\*\*END OF ORDER\*\***

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[9] National Labor Relations Board v. Continental Hagen Corp., 932 F.2d 828, 834 (9th Cir. 1991) ("it is clear that N.L.R.B. actions are generally not affected by the automatic bankruptcy stay.")

**<u>Court Service List</u>**

```
National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
Attn:  Matheus Teixeira and/or Aaron D. Samsel
1015 Half Street SE, 4th Floor
Washington, D.C. 20003
```