CASE NO. 23-632; 23-658; 23-780; 23-793

———

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

———

INTERNATIONAL LONGSHORE AND WAREHOUSE UNION AND INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 19,

Petitioner/Respondent,

v.

NATIONAL LABOR RELATIONS BOARD,

Petitioner/Respondent,

PACIFIC MARITIME ASSOCIATION,

Petitioner,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT 160, LODGE 289,

Petitioner/Intervenor.

———

ON APPEAL FROM NATIONAL LABOR RELATIONS BOARD
CASE NO. 19-CD-269624; 19-CD-269637; 372 NLRB NO. 66

———

**OPPOSITION TO MOTION FOR EXTENSION OF TIME**

———

David A. Rosenfeld, Bar No. 058163
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone (510) 337-1001
Fax (510) 337-1023

1

155739\1590851

1. Petitioners International Longshore and Warehouse Union and Local 19 (ILWU) have asked this Court for an extraordinarily long extension of time to respond to its Order issued on August 4 (Dkt. Entry 112) ordering them as well as the Pacific Maritime Association (PMA) "to file responses to the petitions for rehearing en banc within 21 days of receipt of the date of this order."

2. Petitioner International Association of Machinists, District Lodge 160, Local Lodge 289 (IAM) submits the Motion should be denied.

3. New counsel is the third set of counsel who have represented the ILWU in this case. The ILWU has chosen to replace counsel only after this Court ordered a response to the petitions.

4. The ILWU has also retained separate counsel, Kathleen Foley, of a different law firm. That firm advertises its expertise in appellate matters. [Eric Citron | Zimmer, Citron & Clarke — Zimmer, Citron & Clarke LLP](#)

5. Although counsel who signed the declaration represents there are "preexisting commitments" it is unclear whether it is "counsel's" or counsels'. In any case those commitments are only for the next 2 weeks and the 5 lawyers who have entered an appearance can prepare any response.

6. The issue presented by the petitions for rehearing filed by the IAM and the National Labor Relations Board (NLRB) is quite specific and has overshadowed this litigation since this Court issued *International Longshore & Warehouse Union v. NLRB*, 978 F.3d 625, 637 (9th Cir. 2020) (*Kinder Morgan*) in 2020.

7. Rehearing en banc was was invited by Judge Miller's concurrence and the panel's recognition that if it were not for *Kinder Morgan* it might have reached a different result.

8. The new law firm consists of very experienced labor law practitioners and should have no trouble understanding the issue which has been addressed in

2

155739\1590851

the petitions for rehearing and earlier full briefing to the Court. Four lawyers from that firm have entered an appearance so the firm should be able to devote resources to the Court's Order.

9. The IAM would not normally object to a reasonable extension request except for the prejudice which will occur because of the unilateral action of the ILWU to force a change of the status quo. The Motion does not address the prejudice.

10. The ILWU is in the process of forcing the employer, SSA Terminals (SSAT), to turn the work at Terminal 5 in Seattle over to mechanics represented by the ILWU. As a result, approximately 28 IAM represented mechanics will be displaced from Terminal 5. See Declaration of Luke Ackerson filed herewith.

11. Displacement of the IAM mechanics will result in substantial additional litigation including more charges with the NLRB asserting the use of unlawful pressure to force SSAT to turn the work over violates the National Labor Relations Act. This is a further violation of 29 USC section 158(b)(4)(D) by the ILWU. It will also be a violation of 29 USC sections 158(a)(1), (3) and (5) by SSAT.

12. Because of the circumstances of this case where new counsel, in cooperation with counsel for the PMA, can file responses to the petitions in the time ordered by the Court and because of the impending disruption at Terminal 5, the request for additional time should be denied.

13. Counsel for IAM spoke to counsel for the NLRB about this matter earlier in morning of August 7. Kira Dellinger Vol advised that she had indicated the Board did not oppose the request, but that position was given before she learned about the consequences of delay and the disruption which is imminent at Terminal 5.

14. Counsel for IAM also spoke to Erica Deutsch, counsel for the ILWU,

3

155739\1590851

and explained because the ILWU was disrupting the status quo, the IAM would oppose an extension. She was informed that if the ILWU would allow the status quo to remain at Terminal 5, the IAM would not oppose a reasonable request.

15. The Court should expedite consideration of the petitions for rehearing en banc. Should the Court grant rehearing en banc it will serve to vacate the panel's decision and restore the status quo of the underlying Board Decision. The Panel's Decision did not disturb the Determination of the jurisdictional dispute awarding the work to IAM represented mechanics who have been performing the work at Terminal 5 since 2020. *International Association of Machinists Distrct Lodge 160.* 369 NLRB No. 126 (2020).

For the reasons stated above, the motion for an extension of time should be denied and consideration of the petitions for rehearing en banc should be expedited.

DATED: August 8, 2025           Respectfully Submitted

By:    */s/ DAVID A. ROSENFELD*
David A. Rosenfeld
WEINBERG, ROGER & ROSENFELD
A Professional Corporation

Attorneys for Petitioner/Intervenor
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT 160, LODGE 289

4

155739\1590851

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), Petitioner and Intervenor certifies that its Opposition to Motion for Extension of Time contains 1111 words of proportionally spaced, 14-point type, and the word-processing system used was Microsoft Word for Office 365.

Dated: August 8, 2025

RESPECTFULLY SUBMITTED,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ *DAVID A. ROSENFELD*
David A. Rosenfeld
Attorneys for Petitioner/Intervenor
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT 160, LODGE 289

5

155739\1590851

## CERTIFICATE OF SERVICE

I am a citizen of the United States and an employee in the County of Emeryville, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1375 55th Street, Emeryville, California 94608.

I hereby certify that on August 8, 2025, I electronically filed the foregoing **OPPOSITION TO MOTION FOR EXTENSION OF TIME** with the United States Court of Appeals, for the Ninth Circuit, by using the Court's CM/ECF system.

I certify under penalty of perjury that the above is true and correct. Executed at Emeryville, California, on August 8, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Notice of Electronic Filing by CM/ECF system.

*Marie Montoya*
Marie Montoya