# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

INTERNATIONAL LONGSHORE AND )
WAREHOUSE UNION and )
INTERNATIONAL LONGSHORE AND )
WAREHOUSE UNION, LOCAL 19 )
    Petitioners/Cross-Respondents )    Nos.  23-632, 23-658, 23-780,
                        )               23-793
      and )

PACIFIC MARITIME ASSOCIATION )
    Petitioner )

        v. )    Board Case No. 19-CD-269637

NATIONAL LABOR RELATIONS )
BOARD )
    Respondent/Cross-Petitioner )

      and )

INTERNATIONAL ASSOCIATION OF )
MACHINISTS AND AEROSPACE )
WORKERS DISTRICT 160, )
LOCAL LODGE 289 )
MACHINIST LOCAL 1173 )
    Intervenor )
------------------------------------------------------ )
INTERNATIONAL ASSOCIATION OF )
MACHINISTS AND AEROSPACE )
WORKERS DISTRICT 160, )
LOCAL LODGE 289 )
MACHINIST LOCAL 1173 )
    Petitioner )
        v. )

NATIONAL LABOR RELATIONS )
BOARD )
    Respondent )

**OPPOSITION OF THE NATIONAL LABOR RELATIONS BOARD TO
ILWU'S MOTION TO FILE A 6300-WORD RESPONSE**

To the Honorable, the Judges of the United States
  Court of Appeals for the Ninth Circuit:

The National Labor Relations Board respectfully opposes ILWU's request
(Dkt. 139) to file a response of 6300 words to the petitions for rehearing en banc
filed by the Board and IAM.

1.      In its August 4 Order, the Court directed two parties, ILWU and
PMA, to "file responses to the petitions for rehearing en banc" filed by the Board
and IAM.  (Dkt. 112.)  The Board respectfully submits that the Court's reference in
a single order to plural "responses" from multiple parties is ambiguous.[1]  It is not
clear that the Court intended, as ILWU's motion assumes, to permit ILWU and
PMA each to file two separate responses of 4200 words, for a total of 16,800
words.

2.      In the Board's view, there is no basis for authorizing ILWU (or PMA)
to file a response longer than 4200 words.  The petitions of the Board and IAM
raise the same issue:  whether *International Longshore & Warehouse Union v.
NLRB (Kinder Morgan)*, 978 F.3d 625 (9th Cir. 2020), requires the Board to apply
the wrong work-preservation theory in a jurisdictional dispute.  ILWU contends

---

[1] In *Rocky Mountain Farmers Union v. Goldstene*, which ILWU cites, the Court
issued two separate orders to respond to separate petitions for rehearing.  No. 12-
15131 (9th Cir. Oct. 3, 2013), Dkt. 214, 215.

2

that IAM presents arguments for reconsidering *Kinder Morgan* that the Board does

not raise.  (Dkt. 139 p. 2.)  But it does not deny that IAM also makes the same

arguments as the Board, such that a comprehensive response to IAM's petition

would address the Board's arguments as well.  The Board submits that two

responses of the usual length—one from ILWU and one from PMA—will be

adequate to address the petitions of the Board and IAM.

 WHEREFORE, the Board respectfully requests that the Court deny ILWU's

motion to file a single response of 6300 words.

     Respectfully submitted,

     /s/ Ruth E. Burdick
     Ruth E. Burdick
     Deputy Associate General Counsel
     NATIONAL LABOR RELATIONS BOARD
     1015 Half Street SE
     Washington, DC 20570
     (202) 273-2960

Dated at Washington, DC
this 21st day of August 2025

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

INTERNATIONAL LONGSHORE AND )
WAREHOUSE UNION and )
INTERNATIONAL LONGSHORE AND )
WAREHOUSE UNION, LOCAL 19 )
    Petitioners/Cross-Respondents )    Nos.  23-632, 23-658, 23-780,
    )              23-793
    and )
    )
PACIFIC MARITIME ASSOCIATION )
    Petitioner )
    )
    v. )    Board Case No. 19-CD-269637
    )
NATIONAL LABOR RELATIONS )
BOARD )
    Respondent/Cross-Petitioner )
    )
    and )
    )
INTERNATIONAL ASSOCIATION OF )
MACHINISTS AND AEROSPACE )
WORKERS DISTRICT 160, )
LOCAL LODGE 289 )
MACHINIST LOCAL 1173 )
    Intervenor )
-------------------------------------------------------- )
INTERNATIONAL ASSOCIATION OF )
MACHINISTS AND AEROSPACE )
WORKERS DISTRICT 160, )
LOCAL LODGE 289 )
MACHINIST LOCAL 1173 )
    Petitioner )
    v. )
    )
NATIONAL LABOR RELATIONS )
BOARD )
    Respondent )

## CERTIFICATE OF COMPLIANCE

The Board certifies that the foregoing document contains 339 words of proportionally spaced, 14-point type, and the word-processing system used was Microsoft Word for Office 365.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 21st day of August 2025

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

INTERNATIONAL LONGSHORE AND )
WAREHOUSE UNION and )
INTERNATIONAL LONGSHORE AND )
WAREHOUSE UNION, LOCAL 19 )
    Petitioners/Cross-Respondents )    Nos.  23-632, 23-658, 23-780,
)               23-793
    and )
)
PACIFIC MARITIME ASSOCIATION )
    Petitioner )
)
    v. )    Board Case No. 19-CD-269637
)
NATIONAL LABOR RELATIONS )
BOARD )
    Respondent/Cross-Petitioner )
)
    and )
)
INTERNATIONAL ASSOCIATION OF )
MACHINISTS AND AEROSPACE )
WORKERS DISTRICT 160, )
LOCAL LODGE 289 )
MACHINIST LOCAL 1173 )
    Intervenor )
----------------------------------------------------- )
INTERNATIONAL ASSOCIATION OF )
MACHINISTS AND AEROSPACE )
WORKERS DISTRICT 160, )
LOCAL LODGE 289 )
MACHINIST LOCAL 1173 )
    Petitioner )
    v. )
)
NATIONAL LABOR RELATIONS )
BOARD )
    Respondent )

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that the foregoing document was served on all parties or their counsel of record through the appellate ACMS system.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 21st day of August 2025